IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDITH M. MAY,

              Plaintiff,                     OPINION AND ORDER

    v.

                                        22-cv-130-wmc

STATE OF WISCONSIN and
WARDEN MCDERMOTT,

              Defendants.

*Pro se* plaintiff Edith May, who represents she currently is incarcerated at the Wisconsin Women's Resource Center ("WWRC"), filed this lawsuit under 42 U.S.C. § 1983, seeking compensatory damages and her release from incarceration because she believes she completed her terms of imprisonment but remains in custody. Her complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2), 1915A. Since the relief May seeks in this lawsuit is unavailable under § 1983, the court must dismiss her complaint without prejudice.

OPINION[1]

Plaintiff Edith May seeks to proceed against two defendants: the State of Wisconsin and the Taycheedah Warden McDermott. May represents that she is currently located at the Wisconsin Women's Resource Center ("WRC") in Winnebago, Wisconsin, but the Wisconsin Inmate Locator website lists May as currently incarcerated at a supervised living

---

[1] In addressing a *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

facility in Kenosha, Wisconsin, having been transferred there from Taycheedah on December 8, 2021. *See* https://appsdoc.wi.gov/ (last visited July 14, 2022). Although this appears inconsistent, at least for purposes of screening the court accepts that May currently is in the custody of the Wisconsin Department of Corrections and may be receiving services at WRC.

May claims that she was arrested on January 28, 2015, and that after a revocation hearing, she was sentenced to 21 months of incarceration. Publicly available records confirm that May was arrested around that time, and further that she was charged in Kenosha County Circuit Court with three counts of burglary, two counts of armed robbery, and one count of possession of cocaine, all as a repeat offender. *State v. May*, No. 2015CF147 (Kenosha Cnty. filed Feb. 17, 2015). On August 7, 2015, she pleaded guilty to one count of burglary, and two counts of armed robbery, and the remaining counts were dismissed but read in. On October 21, 2015, May was sentenced to six years of incarceration, to be followed by five years of extended supervision.

Starting in November of 2018, May began writing to the sentencing judge asking for credit for time served. May's allegations about the sentence credit she believes she earned are unclear, but it appears that she was seeking credit for some of the time she spent incarcerated between her January 2015 arrest and July of 2016, approximately 290 days. Those requests were denied, and the judge directed May to appeal those denials. May believes that she should have been released on or around September 19, 2021. Therefore, she asks that this court order her release and compensate her for the extra time she spent incarcerated.

Unfortunately May cannot use this lawsuit to seek release from custody; the only federal proceeding to obtain that form of relief is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.") (citation omitted). "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." *Beaven v. Roth*, 74 F. App'x 635, 638-39 (7th Cir. 2003) (quoting *Moran*, 218 F.3d at 650-51). Furthermore, the Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Accordingly, the court will dismiss May's claims in this lawsuit without prejudice. If May successfully challenges the decisions related to her sentence credit in the Wisconsin state courts or through a federal post-conviction proceeding, then she may be able to pursue relief under § 1983.

ORDER

IT IS ORDERED that:

1. Plaintiff Edith May's complaint is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 15th day of July, 2022.

                                        BY THE COURT:

                                        /s/
                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge